gardless of whether there is any change in the applicable law, trial judges and attorneys may consider ways to help venirepersons overcome their litigation embarrassment so as to be more responsive to the duty to make full disclosure.[1] For now, in any event, we must follow the applicable law.

### Conclusion

The judgment is affirmed.

All concur.

■

**STATE of Missouri, Respondent,**

v.

**Joseph S. THORNBURG, Appellant.**

**No. WD 70153.**

Missouri Court of Appeals,
Western District.

March 9, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 27, 2010.

Application for Transfer Denied
June 29, 2010.

Jeffrey S. Eastman, Gladstone, MO, for appellant.

Shaun Mackelprang and James B. Farnsworth, Jefferson City, MO, for respondent.

Before LISA WHITE HARDWICK, P.J., JAMES M. SMART, JR., and ALOK AHUJA, JJ.

### Order

PER CURIAM:

Joseph Thornburg appeals his convictions of involuntary manslaughter and assault in the second degree and his sentences of incarceration. Affirmed. Rule 30.25(b).

■

**STATE of Missouri, Respondent,**

v.

**Mark A. KORTZ, Appellant.**

**No. WD 70291.**

Missouri Court of Appeals,
Western District.

March 9, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 27, 2010.

Application for Transfer Denied
June 29, 2010.

1. Beyond making sure that the litigation questions are clear, the court could also, for instance, advise the venirepersons that the duty to disclose is taken very seriously and that an intentional nondisclosure can result in the entire case being tried again. The court could mention that the public records will likely be examined after the verdict and it will be ascertained whether the questions about litigation history were properly and fully answered. Such examination will ordinarily result in any juror suspected of nondisclosure being summoned back into the courtroom to publicly give an account and explanation of the reason for the nondisclosure.

Unless contrary to local rules, judges can allow the attorneys access to the jurors' personal information for a specified period of time after jury selection for the limited purpose of a search. Also, an enterprising party can "go the extra mile" to protect a potential verdict by conducting a timely search of the records, then providing a copy of the search results to the opposing party, so that any concerns as to nondisclosure can be handled before submission.

Kent E. Gipson, Kansas City, MO, for Appellant.

Chris Koster, Terrence M. Messonnier, Shaun J. Mackelprang, Jefferson City, MO, for Respondent.

Before JAMES EDWARD WELSH, P.J., MARK D. PFEIFFER, and KAREN KING MITCHELL, JJ.

### ORDER

PER CURIAM:

Mark A. Kortz appeals the circuit court's judgment convicting him of one count of burglary in the first degree and four counts of the class C felony of stealing. We affirm. Rule 30.25(b).

■

**STATE of Missouri, Respondent,**

v.

**George Edward HARRIS, Appellant.**

**No. WD 69865.**

Missouri Court of Appeals, Western District.

March 9, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 27, 2010.

Application for Transfer Denied June 29, 2010.

Kent Denzel, Columbia, for appellant.

Shaun Mackelprang and Jamie Pamela Rasmussen, Jefferson City, MO, for respondent.

Before LISA WHITE HARDWICK, P.J., JAMES M. SMART, JR., and ALOK AHUJA, JJ.

*Order*

PER CURIAM:

George Harris appeals his convictions for first-degree assault and armed criminal action. Affirmed. Rule 30.25(b).

■

**STATE of Missouri ex rel. Dwight K. SCROGGINS, Jr., Buchanan County Prosecuting Attorney, Relator,**

v.

**The Honorable Daniel F. KELLOGG, Judge of the Circuit Court of Buchanan County, Missouri, Division No. 4, Respondent.**

**No. WD 71763.**

Missouri Court of Appeals, Western District.

March 9, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 27, 2010.

Application for Transfer Denied June 29, 2010.